UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| PUBLIC CITIZEN,<br><br>        Plaintiff,<br><br>        v.<br><br>U.S. AGENCY FOR INTERNATIONAL DEVELOPMENT,<br><br>        Defendant. | Civil Action No. 25-1233 (RDM) |

## JOINT STATUS REPORT

Plaintiff, Public Citizen, and Defendant, the U.S. Agency for International Development, by and through undesigned counsel, respectfully submit the following report pursuant to the Court's July 4, 2025, Minute Order.

1. On April 22, 2025, Plaintiff filed its Complaint in this action pursuant to the Freedom of Information Act (FOIA). ECF No. 1. At issue in Plaintiff's Complaint is a FOIA request dated January 31, 2025, containing five subparts:

> (1) "All records that mention or discuss compliance with directives to pause or stop funding of aid programs, including but not limited to all records that discuss or mention examples of employees failing to comply with directives to pause or stop funding aid programs. This request is limited to records that were created on or after January 20, 2025, through the date of processing of this FOIA request";
> (2) "All records that mention or discuss termination, furlough, or reassignment of USAID employees or decisions to place employees on administrative leave. This request is limited to records that were created on or after January 20, 2025, through the date of processing of this FOIA request";
> (3) "All email messages between either Nicholas Gottlieb (the Director of Employee and Labor Relations at USAID) or Jason Gray (the Acting Administrator at USAID) and any email addresses that do not end in '.gov' that discuss or mention compliance with directives to pause or stop funding aid programs. This request is limited to email messages sent on or after January 20, 2025, through the date of processing of this FOIA request";
> (4) "All email messages between Nicholas Gottlieb (the Director of Employee and Labor Relations at USAID) or Jason Gray (the Acting Administrator at USAID)

and any email addresses that do not end in '.gov' that discuss or mention the term 'cease,' 'desist,' 'unlawful,' or 'illegal,' regardless of how or whether those terms are capitalized. This request is limited to email messages sent on or after January 20, 2025, through the date of processing of this FOIA request"; and

(5) "One copy of each email message between hr@opm.gov and any email addresses ending in @usaid.gov. This request is limited to email messages sent on or after January 20, 2025, through the date of processing of this FOIA request."

*Id.* ¶ 5.

2. On July 2, 2025, Defendant filed its Answer. ECF No. 11.

3. On July 4, 2025, the Court issued a Minute Order directing the parties to confer and file a joint status report on or before July 14, 2025, addressing (1) any documents still to be produced pursuant to FOIA; (2) an anticipated schedule for processing and producing any such documents; and (3) any substantive areas of disagreement between the parties.

**Defendant's Position**

4. Today, Defendant reports that Defendant is preparing to run searches, but due to staffing limitations and technical difficulties, the agency cannot currently project a timeline for production. Specifically, undersigned counsel understands the following from agency counsel:

    a. Following USAID's reduction-in-force, the agency currently has a FOIA team of approximately eight staff, which are currently responding to 975 active FOIA requests, 21 of which are subject to active litigation.

    b. The aforementioned technical issues relate to the fact that, because the agency currently uses Google Workspace rather than Microsoft, the FOIA team cannot automatically open Outlook email files and must do so manually, which is time intensive. The FOIA Team is currently working with the Office of the Chief Information Officer to get more staff access that would enable them to convert the email files that contain potentially responsive records into PDF files so that they can begin to review for relevancy and information exempt from disclosure under FOIA.

   c. The Agency's inability to project a timeline for production is further hindered by the vague and overbroad nature of several of the subparts in Plaintiff's FOIA request. USAID's Office of the Chief Information Officer is currently conducting a preliminary e-search of the Plaintiff's FOIA request based on search terms that were reasonably likely to result in responsive documents. The e-search is still in process, but so far Part 1 resulted in 1.4 terabytes of data, Part 3 resulted in 3 terabytes of data, and Part 5 resulted in approximately 49,000 search results. This equates to millions of pages of emails, and the Office of the Chief Information Officer estimates it may take weeks to export and load such massive amounts of data to an accessible Google Drive.  Defendant intends to meet and confer with Plaintiff regarding the scope of its request, search terms, and potential ways of narrowing the request to make response more manageable.

   d. The Agency's FOIA team is currently focused on Part 5 of the request, which is the narrowest.  However, the FOIA team's ability to begin reviewing potentially responsive records has been hampered by the above-mentioned staffing and technical challenges.

  5. Defendant further states that Plaintiff's request that the Agency be required to produce all responsive records by August 13, 2025, is both unreasonable and not supported by law. Although the statutory periods may be achievable for straightforward requests directed to agencies without any backlog, they regrettably have proven insufficient for complex requests such as that here, where preliminary searches are identifying hundreds of thousands of potentially responsive records. *See CREW v. FEC*, 711 F.3d 180, 189 (D.C. Cir. 2013) ("We agree entirely with the FEC" that it is "'a practical impossibility to process all [FOIA] requests completely within twenty days…. We are intimately familiar with the difficulty that FOIA requests pose for executive and independent agencies.").  Moreover, forcing the Agency to effectively focus all of its resources on responding to the request in this matter, will take resources away from responding to other

requesters. *See Open Am. v. Watergate Special Prosecution Force*, 547 F.2d 605, 616 (D.C. Cir. 1976) (to ensure fairness amongst requesters, courts should not enable plaintiffs to "gain[] access to Government records ahead of prior applicants for information" unless "a genuine need and reason for urgency" is shown by the plaintiff). In addition, the Agency has a public obligation to ensure that exempt information is protected if reasonably foreseeable harm would result from its release. *See Food Mktg. Inst. v. Argus Leader Media*, 588 U.S. 427, 439 (2019) ("FOIA expressly recognizes that 'important interests [are] served by [its] exemptions,' and '[t]hose exemptions are as much a part of [FOIA's] purpose[s and policies] as the [statute's disclosure] requirement.' So, just as we cannot properly expand Exemption 4 beyond what its terms permit, we cannot arbitrarily constrict it either by adding limitations found nowhere in its terms." (citations omitted)).

6. Defendant will provide Plaintiff with an update within 30 days of the filing of this report. Defendant proposes filing an additional status report in sixty days to provide an update for the Court.

**Plaintiff's Position**

1. Plaintiff asks the Court (1) to order production of responsive records by August 13, 2025 (30 days from the date of this status report), and (2) to order that the parties file a status report outlining any substantive areas of disagreement by August 25, 2025.

2. The Court's July 4th Order directed the parties to confer and determine an anticipated schedule for producing documents pursuant to FOIA and to identify any substantive areas of disagreement. Defendant's proposal, however, offers no schedule at all. Defendant's proposal to "update" Plaintiff in 30 days provides no timeline on which Defendant will perform a search, identify responsive records, or produce responsive records and set forth any disagreements with Plaintiff's request.

3. In support of its request that the Court enter no schedule for producing responsive documents, Defendant cites "staffing limitations" and "technical difficulties." Defendant's reference to staffing limitations refers to its decision to fire FOIA staff despite having funding for those positions. *See supra* ¶ 4a; Will Royce & Andrea Beaty, *Public Records Wreckers*, The American Prospect (May 1, 2025) (discussing mass firings in FOIA offices, including at USAID);[1] Angela Fu, *Firing of FOIA officers leaves experts worried about public records access under Trump*, Poynter (Feb. 21, 2025) (discussing how "whole FOIA offices are getting fired" at various government agencies);[2] When fully staffed FOIA offices struggle to keep up with requests, courts have, as Defendant notes, sometimes permitted limited delays. Defendant's proposal, however, requests that this Court permit it to delay because it has engaged in self-sabotage. Defendants should not be permitted to use staff reductions of funded positions to avoid compliance with the statute.

4. Defendant's assertion of technical difficulties—that it is currently choosing to hamstring its FOIA staff by requiring them to operate in Google Workspace rather than in Microsoft (seemingly unlike the rest of the agency, which, based on the volume of Outlook emails Defendant claims it must process, seems to have familiarity with Microsoft)—also does not justify its refusal to commit to any definite schedule. Those difficulties, too, are self-imposed. And they do not justify the agency's refusal to negotiate a timeline for production of the FOIA request.

5. Defendant also asserts that it cannot provide a timeline for processing Plaintiff's FOIA request because unspecified portions of the request are "vague and overbroad." *Supra* ¶ 4c. Despite this Court's order for the parties to address any substantive areas of disagreement, the passage of more than five months since Plaintiff submitted its FOIA request, and counsel's prior

---

[1] https://prospect.org/justice/2025-05-01-public-records-wreckers/.
[2] https://www.poynter.org/reporting-editing/2025/public-records-requests-trump-administration-federal-government-foia/.

communications regarding this status report, Defendant first asserted that parts of the request are "vague or overbroad" in a revised draft of this report that Defendant sent today. Defendant's unspecified disagreements with Plaintiff's requests—and its failure thus far to engage with Plaintiff about what exactly those disagreements are—does not justify Defendant's request for further delay.

6.      Plaintiff's proposal fits the ordinary course for FOIA actions and is particularly reasonable in light of the timeline of this case. Plaintiff submitted the FOIA request in this action on January 31, more than five months ago. To date, Defendant has failed to produce any records, failed to complete the required search, and failed to inform Plaintiff of any specific objections to the search. Plaintiff therefore respectfully requests that the Court adopt Plaintiff's proposed schedule.

Dated: July 14, 2025                           Respectfully submitted,

                                               /s/ *Zachary R. Shelley*
                                               Zachary R. Shelley (DC Bar No. 90021549)
                                               Public Citizen Litigation Group
                                               1600 20th Street NW
                                               Washington, DC 20009
                                               (202) 588-7713
                                               zshelley@citizen.org

                                               *Counsel for Plaintiff*

JEANINE FERRIS PIRRO
United States Attorney

By: /s/ *Sian. Jones*
SIAN JONES, D.C. Bar # 1024062
Assistant United States Attorney
U.S. Attorney's Office for the District of Columbia
601 D Street, N.W.
Washington, D.C. 20530
(202) 252-2578
Sian.jones@usdoj.gov

*Counsel for Defendant*