UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| PUBLIC CITIZEN,<br><br>　　　　　Plaintiff,<br><br>　　　v.<br><br>U.S. AGENCY FOR INTERNATIONAL DEVELOPMENT,<br><br>　　　　　Defendant. | Civil Action No. 25-1233 (RDM) |

**JOINT STATUS REPORT**

Plaintiff, Public Citizen, and Defendant, the U.S. Agency for International Development ("USAID" or "Agency"), by and through undesigned counsel, respectfully submit the following report pursuant to the Court's October 2, 2025, Minute Order.

**Joint Position**

　　　1.　　On April 22, 2025, Plaintiff filed its Complaint in this action pursuant to the Freedom of Information Act (FOIA). ECF No. 1. At issue in Plaintiff's Complaint is a FOIA request dated January 31, 2025, containing five subparts:

(1) "All records that mention or discuss compliance with directives to pause or stop funding of aid programs, including but not limited to all records that discuss or mention examples of employees failing to comply with directives to pause or stop funding aid programs. This request is limited to records that were created on or after January 20, 2025, through the date of processing of this FOIA request";
(2) "All records that mention or discuss termination, furlough, or reassignment of USAID employees or decisions to place employees on administrative leave. This request is limited to records that were created on or after January 20, 2025, through the date of processing of this FOIA request";
(3) "All email messages between either Nicholas Gottlieb (the Director of Employee and Labor Relations at USAID) or Jason Gray (the Acting Administrator at USAID) and any email addresses that do not end in '.gov' that discuss or mention compliance with directives to pause or stop funding aid programs. This request is limited to email messages sent on or after January 20, 2025, through the date of processing of this FOIA request";

    (4) "All email messages between Nicholas Gottlieb (the Director of Employee and Labor Relations at USAID) or Jason Gray (the Acting Administrator at USAID) and any email addresses that do not end in '.gov' that discuss or mention the term 'cease,' 'desist,' 'unlawful,' or 'illegal,' regardless of how or whether those terms are capitalized. This request is limited to email messages sent on or after January 20, 2025, through the date of processing of this FOIA request"; and

    (5) "One copy of each email message between hr@opm.gov and any email addresses ending in @usaid.gov. This request is limited to email messages sent on or after January 20, 2025, through the date of processing of this FOIA request."

*Id.* ¶ 5.

    2.    On July 2, 2025, Defendant filed its Answer. ECF No. 11.

    3.    On July 4, 2025, the Court issued an Order directing the parties to confer and file a joint status report on or before July 14, 2025, addressing (1) any documents still to be produced pursuant to FOIA; (2) an anticipated schedule for processing and producing any such documents; and (3) any substantive areas of disagreement between the parties.

    4.    Following the Parties' Joint Status Report and a status conference, on July 22, 2025, the Court directed Defendant to process 500 pages per month, with a production to Plaintiff by August 22, 2025. The Court further directed the Parties to submit a Joint Status Report on or before August 29, 2025. Minute Entry (July 22, 2025).

    5.    Pursuant to the Court's July 22 Order, Defendant made productions on August 22, 2025, and September 23, 2025, and the parties filed Joint Status Reports on August 29, 2025, and September 29, 2025. Along with those productions, Defendant reported that there were no records responsive to Part 3 of Plaintiff's FOIA request.

    6.    On October 2, 2025, the Court directed Defendant to begin processing 1,000 pages per month, with a production to Plaintiff by October 22, 2025. The Court further directed the Parties to submit a Joint Status Report every 60 days. Minute Entry (October 2, 2025).

7. The Parties previously reported that on October 22, 2025, Defendant released 1,000 pages responsive to Plaintiff's FOIA request and on November 21, 2025, Defendant released 831 pages responsive to Plaintiff's FOIA request.

8. The Parties now report that on December 23, 2025, Defendant released 652 pages responsive to Plaintiff's FOIA request. In total, Defendant has now released approximately 3,500 pages of records responsive to Plaintiff's FOIA request. All records released have been responsive to Part 5 of Plaintiff's FOIA request.

9. The parties have engaged in multiple rounds of negotiations to narrow the scope of Parts 1 and 2 of Plaintiff's request, and they continue to negotiate the scope of those searches.

**Defendant's Position**

10. Defendant reports today that, for the searches agreed upon by the Parties, it has processed and produced all responsive, releasable documents. The Parties continue to discuss the scope of other portions of Plaintiff's request. Defendant will resume processing once such agreement is reached.

11. Defendant requests that the Parties be ordered to file a Joint Status Report in 60 days, on April 13, 2026. Defendant has been diligently advancing this case and undersigned counsel has a robust caseload that makes it difficult to negotiate joint status reports in FOIA matters more frequently than every sixty days.

**Plaintiff's Position**

12. Plaintiff requests that the Court order the parties to file a joint status report in 30 days, on March 12, 2026.

13. While Defendant now reports that it has processed and produced all responsive, releasable documents under Parts 3, 4, and 5 of Plaintiff's FOIA request, that report conflicts with its prior assessment of the number of records responsive to those parts. In August 2025, Defendant

informed Plaintiff that it had identified 49,928 emails responsive to Part 5 of Plaintiff's FOIA request. Defendant has produced only 3,470 pages of emails responsive to Part 5 and has withheld several hundred additional pages as out-of-scope, yet it now asserts that it has processed all records responsive to Part 5. In addition, Defendant previously told Plaintiff that it had identified 9 records responsive to Part 4 of the request, but it has not released any records responsive to that part of the request and has now informed Plaintiff that it believes there are no records responsive to that part.

14. Plaintiff has requested that Defendant explain the inconsistency between the number of documents it had identified as responsive to Parts 4 and 5 and its representation that it has released all records responsive to those parts, but has not yet received a response. Plaintiff has also inquired whether any explanation for that incongruity may impact Defendant's assessment of how many records are responsive to Parts 1 and 2.

15. Because Defendant has indicated that there can be no further productions until the Parties agree on the scope of Parts 1 and 2, and because Plaintiff is awaiting Defendant's response regarding Parts 4 and 5, requiring the Parties to file a joint status report in 30 days will help ensure that this case continues to move toward a timely resolution. Plaintiff therefore respectfully requests that the Court adopt Plaintiff's proposed schedule.

Dated: February 10, 2026

Respectfully submitted,

/s/ *Zachary R. Shelley*
Zachary R. Shelley (DC Bar No. 90021549)
Public Citizen Litigation Group
1600 20th Street NW
Washington, DC 20009
(202) 588-7713
zshelley@citizen.org

*Counsel for Plaintiff*

JEANINE FERRIS PIRRO
United States Attorney

By: /s/ *Sian. Jones*
SIAN JONES, D.C. Bar # 1024062
Assistant United States Attorney
U.S. Attorney's Office for the District of Columbia
601 D Street, N.W.
Washington, D.C. 20530
(202) 252-2578
Sian.jones@usdoj.gov

*Counsel for Defendant*