UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

PUBLIC CITIZEN,

        Plaintiff,

        v.

U.S. AGENCY FOR INTERNATIONAL
DEVELOPMENT,

        Defendant.

Civil Action No. 25-1233 (RDM)

## JOINT STATUS REPORT

Plaintiff, Public Citizen, and Defendant, the U.S. Agency for International Development ("USAID" or "Agency"), by and through undesigned counsel, respectfully submit the following report pursuant to the Court's March 16, 2026, Minute Order.

1. On April 22, 2025, Plaintiff filed its Complaint in this action pursuant to the Freedom of Information Act (FOIA). ECF No. 1. At issue in Plaintiff's Complaint is a FOIA request dated January 31, 2025, containing five subparts:

(1) "All records that mention or discuss compliance with directives to pause or stop funding of aid programs, including but not limited to all records that discuss or mention examples of employees failing to comply with directives to pause or stop funding aid programs. This request is limited to records that were created on or after January 20, 2025, through the date of processing of this FOIA request";
(2) "All records that mention or discuss termination, furlough, or reassignment of USAID employees or decisions to place employees on administrative leave. This request is limited to records that were created on or after January 20, 2025, through the date of processing of this FOIA request";
(3) "All email messages between either Nicholas Gottlieb (the Director of Employee and Labor Relations at USAID) or Jason Gray (the Acting Administrator at USAID) and any email addresses that do not end in '.gov' that discuss or mention compliance with directives to pause or stop funding aid programs. This request is limited to email messages sent on or after January 20, 2025, through the date of processing of this FOIA request";
(4) "All email messages between Nicholas Gottlieb (the Director of Employee and Labor Relations at USAID) or Jason Gray (the Acting Administrator at USAID)

and any email addresses that do not end in '.gov' that discuss or mention the term 'cease,' 'desist,' 'unlawful,' or 'illegal,' regardless of how or whether those terms are capitalized. This request is limited to email messages sent on or after January 20, 2025, through the date of processing of this FOIA request"; and

(5) "One copy of each email message between hr@opm.gov and any email addresses ending in @usaid.gov. This request is limited to email messages sent on or after January 20, 2025, through the date of processing of this FOIA request."

*Id.* ¶ 5.

2.    On July 2, 2025, Defendant filed its Answer. ECF No. 11.

3.    On July 4, 2025, the Court issued an Order directing the parties to confer and file a joint status report on or before July 14, 2025, addressing (1) any documents still to be produced pursuant to FOIA; (2) an anticipated schedule for processing and producing any such documents; and (3) any substantive areas of disagreement between the parties.

4.    Following the Parties' Joint Status Report and a status conference, on July 22, 2025, the Court directed Defendant to process 500 pages per month, with a production to Plaintiff by August 22, 2025. The Court further directed the Parties to submit a Joint Status Report on or before August 29, 2025. Minute Entry (July 22, 2025).

5.    Pursuant to the Court's July 22 Order, Defendant made productions on August 22, 2025, and September 23, 2025, and the parties filed Joint Status Reports on August 29, 2025, and September 29, 2025. Along with those productions, Defendant reported that there were no records responsive to Part 3 of Plaintiff's FOIA request.

6.    On October 2, 2025, the Court directed Defendant to begin processing 1,000 pages per month, with a production to Plaintiff by October 22, 2025. The Court further directed the Parties to submit a Joint Status Report every 60 days. Minute Entry (October 2, 2025).

7.    The Parties previously reported that on October 22, 2025, Defendant released 1,000 pages responsive to Plaintiff's FOIA request and on November 21, 2025, Defendant released 831 pages responsive to Plaintiff's FOIA request.

8.     The Parties previously reported that on December 23, 2025, Defendant released 652 pages responsive to Plaintiff's FOIA request. In total, Defendant has now released approximately 3,500 pages of records responsive to Plaintiff's FOIA request. All records released have been responsive to Part 5 of Plaintiff's FOIA request.

9.     Defendant previously reported that, for the searches agreed upon by the Parties, it has processed and produced all responsive, releasable documents. Plaintiff previously reported that it was awaiting responses to its questions regarding Defendant's report that it had processed and produced all responsive, releasable documents under Parts 3, 4, and 5 of Plaintiff's request.

10.    On March 13, 2026, the Parties reported that Defendant provided a partial response to Plaintiff's questions regarding its responses to Items 3, 4, and 5 of the FOIA request and that Plaintiff asked follow-up questions regarding that response.  The Parties also reported that they had engaged in multiple rounds of negotiations to narrow the scope of Parts 1 and 2 of Plaintiff's request, and they continue to negotiate the scope of those searches. Defendant intends to resume processing once such agreement is reached.

11.    Today, Defendant reports that it provided a response to Plaintiff's outstanding questions regarding Items 1, 2, and 4, on March 18, 2026.  Plaintiff conveyed a follow up question regarding Items 1 and 2 on March 23, 2026, and Defendant provided an update on its response on April 20, 2026.

**Defendant's Position**

12.    Undersigned counsel for the Defendant understands the following from the agency:

   a. Regarding the document processing for Parts 1 and 2, the FOIA team is currently working on uploading the large PST files into FOIAXpress. Due to the volume of the files, the agency requested technical assistance from a vendor to facilitate the upload. The agency is still awaiting a final resolution

on this process and, as a result, does not yet have the deduplicated counts for the threading and deduplication request Plaintiff made on March 23rd.

b. The team has still not been able to upload the records to FOIAXpress because they are too large, and there is currently no exact timeline for when this will be resolved. Similar technical issues in the past have taken months to address, sometimes requiring the conversion of PST files to PDFs for upload. Review and deduplication can only begin once the upload is successful.

13. As a result of the foregoing, Defendant respectfully submits that it cannot commit to the May 20th deadline that Plaintiff is requesting.

14. Undersigned counsel understands that this Court has ordered 1,000 pages per month for processing previous tranches of records in this matter. However, due to the agency's current obligations, it requests that it not be ordered to process at a rate of more than 500 pages per month when the universe of records potentially responsive to Items 1 and 2 are ready to be processed.

15. Defendant respectfully requests that the Parties be permitted to file their next status report on or before June 22, 2026.

**Plaintiff's Position**

16. Defendant's progress has stalled on Parts 1 and 2 of Plaintiff's request.

17. On January 9, 2026, Defendant identified 311,573 hits for Part 1 and 25,656 hits for Part 2. Plaintiff requested that the agency identify and omit duplicate or near-duplicate records (i.e., otherwise-identical emails with a slightly different time-stamp), as Defendant had previously done in its response to Part 5 of Plaintiffs' FOIA request.

- 4 -

18.     Defendant reported on March 18 that deduplication occurs once records are exported and loaded into the agency's FOIA processing platform. Plaintiff reiterated its request that the agency conduct deduplication.

19.     Today, Defendant reported that it was "currently working on uploading" the files into the agency's FOIA processing platform. Defendant further reported that it cannot offer a timeline for uploading the records.

20.     Plaintiff therefore respectfully requests that the Court order Defendant to deduplicate the potentially responsive records it identified on January 9, and to provide Plaintiff with an update on the number of deduplicated records no later than May 20.

21.     Plaintiff further requests that the Court order Defendant to release the first production of 1,000 deduplicated records no later than June 17, and order the parties to file the next joint status report on or before June 22.

Dated: April 20, 2026                    Respectfully submitted,

/s/ *Lauren Bateman*
Lauren Bateman, D.C. Bar No. 1047285
Public Citizen Litigation Group
1600 20th Street NW
Washington, DC 20009
(202) 588-7739
lbateman@citizen.org

*Counsel for Plaintiff*

JEANINE FERRIS PIRRO
United States Attorney

By:    /s/ *Sian. Jones*
SIAN JONES, D.C. Bar # 1024062
Assistant United States Attorney
U.S. Attorney's Office for the District of Columbia
601 D Street, N.W.
Washington, D.C. 20530
(202) 252-2578
Sian.jones@usdoj.gov

*Counsel for Defendant*